Case 3:05-cr-00518-WHA ▬▬▬▬▬▬▬▬▬▬ Page 1 of 4

KEVIN V. RYAN (CSBN 118321)
United States Attorney

EUMI L. CHOI (WVSBN 0722)
Acting Chief, Criminal Division

MICHELLE MORGAN-KELLY (DEBN 3651)
Assistant United States Attorney

    450 Golden Gate Ave.
    San Francisco, California 94102
    Telephone: (415) 436-6960
    Facsimile: (415) 436-7234

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| UNITED STATES OF AMERICA, | ) No.: CR 05-00518-WHA |
|---|---|
|     Plaintiff, | ) [~~PROPOSED~~] |
| v. | ) **ORDER OF DETENTION** |
|  | ) **PENDING TRIAL** |
| LARRY BROWN, | ) |
|     Defendant. | ) |

    This matter came before the Court on September 22, 2005 for a detention hearing. The Defendant, Larry Brown, was present and represented by Assistant Federal Public Defender Ronald Tyler. Assistant United States Attorney Michelle Morgan-Kelly appeared for the United States of America.

    Pretrial Services submitted a report to the Court and the parties that recommended detention. The Government requested detention, and the Defendant opposed. Proffers and arguments regarding detention were submitted by the parties at the hearing.

    Upon consideration of the facts, proffers and arguments presented, the Court finds by a

[~~PROPOSED~~] DETENTION ORDER: BROWN
CR 05-00518-WHA

preponderance of the evidence that no condition or combination of conditions of release will reasonably assure the appearance of the Defendant as required in light of his history, which includes sixteen parole violations, the use of seventeen different aliases, the use of five different birth dates, the fact that he fled during the instant offense, the absence of any sureties, and other factors set forth in the Pre Trial Services report. The Court also notes that while Defendant's record of eighteen prior bench warrants standing alone might be insufficient, it is more significant when considered in light of the other factors listed above. The Court also finds by clear and convincing evidence that no condition or combination of conditions of release will reasonably assure the safety of the community, in light of the Defendant's criminal history that includes violent and firearms-related offenses committed as recently as 2004, as well as the aforementioned parole revocations. Accordingly, the Court concludes that the Defendant must be detained pending trial in this matter.

The present order supplements the Court's findings at the detention hearing and serves as written findings of fact and a statement of reasons as required by 18 U.S.C. § 3142(i)(1).

The Bail Reform Act of 1984, 18 U.S.C. §§ 3141–50, sets forth four factors that the Court must consider in determining whether pretrial detention is warranted. These factors are:

(1) the nature and circumstances of the offense charged (§ 3142(g)(1));

(2) the weight of the evidence against the person (§ 3142(g)(2));

(3) the history and characteristics of the person including, among other considerations, character, employment, family, and past conduct and criminal history (§ 3142(g)(3)); and

(4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release (§ 3142(g)(4)).

With regard to the first factor, the nature and circumstances of the offense charged, the Defendant is accused of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g), which carries a maximum penalty of 10 years imprisonment.

The second factor, the weight of the evidence, is considered the least important. The Bail Reform Act neither requires nor permits a pretrial determination of guilt. *United States v. Gebro*, 948 F.2d 1118, 1121–22 (9th Cir. 1991). The Court notes that the instant offense occurred while the Defendant was on probation. Although the government made a proffer as to the weight of the evidence, which included that defendant allegedly was on the street in possession of a shotgun with a 14-inch barrel and fled when uniformed officers approached, the Court finds that even absent the proffered facts relating to the charged offenses, Defendant should be detained.

The Court further finds that the third factor, the history and characteristics of the defendant, and the fourth factor, the nature and seriousness of danger to the community, militate in favor of detention. The Pretrial Services Report confirms that the Defendant's employment status and housing situation are not stable, and that he has an extensive criminal history, which includes eight felony convictions, some of which were for firearms-related offenses and violent crimes. In addition, as noted above, the Defendant has suffered at least sixteen parole revocations, some of which were due to his continued arrests.

Accordingly, the Court finds by clear and convincing evidence that no condition or combination of conditions of release will reasonably assure the safety of the community, and finds by a preponderance of the evidence that no condition or combination of conditions of release will reasonably assure the appearance of the Defendant as required.

Pursuant to 18 U.S.C. § 3142(i), IT IS ORDERED THAT:

(1) the defendant be, and hereby is, committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal;

(2) the defendant be afforded reasonable opportunity for private consultation with his counsel; and

(3) on order of a court of the United States or on request of an attorney for the

Government, the person in charge of the corrections facility in which the defendant is confined shall deliver the Defendant to an authorized Deputy United States Marshal for the purpose of any appearance in connection with a court proceeding.

Dated: 9/22/05

THE HON. JOSEPH C. SPERO
United States Magistrate Judge